```
                        United States Bankruptcy Court
                           Northern District of Ohio
In re:                                                      Case No. 18-60272-rk
Christa L. Causey                                           Chapter 13
Erik S. Causey
        Debtors                    CERTIFICATE OF NOTICE
District/off: 0647-6         User: lbald            Page 1 of 1         Date Rcvd: Aug 02, 2018
                             Form ID: pdf703        Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 04, 2018.
db/db        +Christa L. Causey,    Erik S. Causey,    241 Indiana Avenue,    Louisville, OH 44641-1103
cr           +Americredit Financial Services, Inc.dba GM Financi,    PO Box 183853,    Arlington, TX 76096-3853

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Bank of America, N.A.
                                                                                       TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 04, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 2, 2018 at the address(es) listed below:
              Andrew M. Tomko    on behalf of Creditor    Bank of America, N.A. atomko@sandhu-law.com,
               bk1notice@sandhu-law.com
              Robert Harris Young    on behalf of Debtor Erik S. Causey roberty@amourgis.com,
               bk_department@amourgis.com;jpamourgisandassociates@gmail.com;bobr44267@notify.bestcase.com
              Robert Harris Young    on behalf of Debtor Christa L. Causey roberty@amourgis.com,
               bk_department@amourgis.com;jpamourgisandassociates@gmail.com;bobr44267@notify.bestcase.com
              Toby L. Rosen    trosen@chapter13canton.com,    trosen@ecf.epiqsystems.com
                                                                                             TOTAL: 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| IN RE: | : | CHAPTER 13 PROCEEDING |
| --- | --- | --- |
| CHRISTA L CAUSEY | : | CASE NO. 18-60272 |
| ERIK S CAUSEY | : | JUDGE RUSS KENDIG |
| DEBTOR(S) | : | ORDER CONFIRMING PLAN |

*******************************************************************************

The Chapter 13 AMENDED plan in this case filed as attached came on for confirmation at a hearing before the Court. Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor (or debtors in a joint case) (the "Debtor"), Debtor's counsel, any objections or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed in all respects not contrary to prior or subsequent orders of the Court.

2. The Debtor shall not incur additional debt exceeding $500.00 in the aggregate without notice to the Trustee and the approval of the Court.

3. The Debtor shall not transfer any interest in real property without the Court's approval.

4. All property of the estate scheduled in accordance with Bankruptcy Rule 1007(h), vest in the debtor(s) pursuant to 11 USC Section 1327(b). All property of the estate that is not properly scheduled or any property that is acquired subsequent to the filing of the petition does not vest to the debtor(s) and remains property of the estate unless Court ordered.

5. The attorney for the Debtor is allowed a total fee of **$3,600.00** of which **$600.00** has been paid. The balance will be paid pursuant to the Court's administrative order regarding Attorney fees.

/S/ RUSS KENDIG
United States Bankruptcy Judge

APPROVED:

Toby L. Rosen, Chapter 13 Trustee

## Service List

CHRISTA L and ERIK S CAUSEY
241 INDIANA AVENUE
LOUISVILLE, OH 44641

ROBERT H YOUNG
AMOURGIS & ASSOCIATES
3200 W. MARKET STREET, SUITE 106
AKRON, OH 44333

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Christa L Causey** |
| | First Name　Middle Name　Last Name |
| Debtor 2 | **Erik S Causey** |
| (Spouse, if filing) | First Name　Middle Name　Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF OHIO** |
| Case number: | **18-60272** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**3.1**

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$1247.35** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor   **Christa L Causey**                                    Case number   **18-60272**
         **Erik S Causey**

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**Per Confirmation Order.**

### 2.4 Additional payments.
*Check one.*
  ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is **$74,841.00**.

### Part 3: Treatment of Secured Claims

3.1   **Maintenance of payments and cure of default, if any.**

*Check one.*
  ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
  ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| U.S. Department of HUD | 241 Indiana Avenue Louisville, OH 44641 | $0.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $0.00 |
| Bank Of America | 241 Indiana Avenue Louisville, OH 44641 Stark County Permanent Parcel No. 3604842 | $515.86 Disbursed by: ☑ Trustee ☐ Debtor(s) | Prepetition: $5,824.41 | 0.00% | $232.98 | $36,776.01 |

*Insert additional claims as needed.*

3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

  ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

  ☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

Debtor     **Christa L Causey**                               Case number    **18-60272**
             **Erik S Causey**

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| AmeriCredit/GM Financial | $12,370.00 | 2010 Dodge Avenger 100,000 miles | $5,296.00 | $0.00 | $5,296.00 | 6.25% | $231.58 | $5,789.55 |
| Dbs Financial | $2,377.00 | 2006 Dodge Dakota 158,000 miles | $2,514.00 | $0.00 | $2,377.00 | 6.25% | $103.94 | $2,598.50 |

*Insert additional claims as needed.*

3.3     **Secured claims excluded from 11 U.S.C. § 506.**

    *Check one.*
       ☑     **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4     **Lien avoidance.**

*Check one.*
       ☑     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5     **Surrender of collateral.**

    *Check one.*
       ☑     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:**     **Treatment of Fees and Priority Claims**

4.1     **General**
        Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2     **Trustee's fees**
        Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total **$7,484.40**.

4.3     **Attorney's fees.**

        The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,000.00**.

4.4     **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $         .
☑ __23.00__ % of the total amount of these claims, an estimated payment of $ __19,192.54__ .
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3   **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

6.1   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

7.1   **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

8.1   **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

9.1   **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X _____         X _____
   Christa L Causey                             Erik S Causey

Official Form 113                         Chapter 13 Plan                           Page 4
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                  Best Case Bankruptcy

| Debtor | **Christa L Causey** | | Case number | **18-60272** |
|---|---|---|---|---|
| | **Erik S Causey** | | | |

| Signature of Debtor 1 | | Signature of Debtor 2 | |
|---|---|---|---|
| Executed on | **June 20, 2018** | Executed on | **June 20, 2018** |

X _____     Date  **June 20, 2018**
**Robert H. Young 0036743**
Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

| Debtor | Christa L Causey | Case number | 18-60272 |
|---|---|---|---|
| | Erik S Causey | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $36,776.01 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $8,388.05 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $0.00 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $10,484.40 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $19,192.54 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $74,841.00 |